Case Number: PC-2022-02388
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2022 3:42 PM
Envelope: 3600619
Reviewer: Victoria H

Case 1:22-cv-00248-WES-PAS   Document 1-1   Filed 06/27/22   Page 1 of 4 PageID #: 4

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC            :           SUPERIOR COURT

Matthew Amato             :

V                         :           C.A. NO.:

Johnson & Wales University :

## COMPLAINT FOR CIVIL ACTION

Now comes the Plaintiff in the above-entitled cause and issues the following complaint before this court:

1. Matthew Amato is a resident of the City of Providence, RI with an address of 479 West Avenue Pawtucket, RI

2. Johnson & Wales University is a school of higher education doing business and subject to the laws and rules of the State of Rhode Island with an address of 8 Abbott Park Plaza Providence RI 02903.

3. The damages of this action are substantial enough to warrant the jurisdiction of this Honorable Court.

4. At all times prior to February 28, 2022, the Plaintiff, Matthew Amato, was enrolled at Johnson & Wales University, and engaged in their culinary arts program

5. It is alleged that on February 28, 2022; the Defendant, through their Office of Student Conduct, expelled the Plaintiff from their school after a hearing held via Zoom in regards to allegations that Mr. Amato had violated the policies of the School.

Case Number: PC-2022-02388
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2022 3:42 PM
Envelope: 3600619
Reviewer: Victoria H

Case 1:22-cv-00248-WES-PAS   Document 1-1   Filed 06/27/22   Page 2 of 4 PageID #: 5

6. In specific, Defendant Johnson & Wales took the view that a plea of Nolo Contendere in a court matter in the State of Rhode Island constituted a criminal conviction that Plaintiff was obligated to report to the Defendant through the Office of Student Conduct.

7. In fact, under Rhode Island General Laws, (See: RIGL §12-19-19) Plaintiff has not been convicted of any criminal charges in the State of Rhode Island, and the dispositions he received in any such cases are specifically not considered a conviction under Rhode Island law.

8. As such, Defendant's decision to expel Plaintiff was against Rhode Island law and public policy, and likely the result of an ulterior motive.

9. Upon information and belief, Plaintiff asserts that the complaining party to Campus Security was his Professor of the World History of Food class, Professor Ann Korda.

10. Plaintiff had missed several classes and sought notes from class in compliance with Americans with Disabilities Act (hereinafter, "ADA"), but this request was refused.

11. Upon Professor Korda's refusal, Plaintiff complained with the Faculty Office, and now suspects that actions taken against him were retaliatory in nature.

12. On Monday, February 21, 2022, Plaintiff received an email from Defendant's Title IX Coordination, Matthias Rubekeil, expressing regret that Plaintiff had had issues trying to get such notes from the Professor, and that they had discussed the matter with the Professor so it should not happen again.

13. In support of this belief, Plaintiff at his Disciplinary Hearing sought permission for an advocate to speak on his behalf, but was denied.

Case Number: PC-2022-02388
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2022 3:42 PM
Envelope: 3600619
Reviewer: Victoria H

14. Plaintiff also sought an appeal of the decision, which was also denied.

15. Plaintiff was wrongly told that members of the Student Conduct office had a background in legal information and the laws of the State of Rhode Island, when in fact, they did not.

16. The decision to expel Plaintiff from the University was premised on bad faith and bad process, and motivated and evidenced by the above paragraphs, and violated the Conduct Review Process outlined in the Student Handbook.

17. In addition to having violated the ADA, this matter also raises Title IX concerns for the Plaintiff as outlined in the JWU Student Handbook, in particular, under section "Notice of Nondiscrimination".

18. The decision and actions taken by the Defendant completely contradicts the stated policies and procedures and rights guaranteed in the Defendant's own Student Handbook.

19. As a direct consequence of Defendant's actions, Plaintiff has sought and been denied acceptance at several comparable schools of higher education due to the expulsion on his record, including but not limited to Bryant University, Brown University, Providence College, and Roger Williams University.

20. Plaintiff now seems unable to obtain the Bachelor's Degree in Hotel and Resort Management that he had pursued at Defendant's school.

21. As a direct result of these actions, Plaintiff has had his career and reputation has been irreparably damaged, and seeks just compensation for these bad acts.

Case Number: PC-2022-02388
Filed in Providence/Bristol County Superior Court
Submitted: 4/28/2022 3:42 PM
Envelope: 3600619
Reviewer: Victoria H

Case 1:22-cv-00248-WES-PAS   Document 1-1   Filed 06/27/22   Page 4 of 4 PageID #: 7

22. A career in this field that has now been wrongly and unjustly denied to Plaintiff has caused continuing damages likely in the amount greater than $2,000,000 considering salary and damage to his reputation.

WHEREFORE, Plaintiff asks for the following:

1. Judgement for the Plaintiff in an amount sufficient to compensate him for damages incurred by Defendant's egregious actions.

2. Attorney fees and court costs necessary to compensate the litigation of this complaint,

3. Any and all other relief this Honorable Court deems just.

Respectfully Submitted

_____/s/ Robert McNelis_____

Robert F. McNelis, Esq. (#8361)
995 Park Avenue
Cranston, RI 02910